[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON PLAINTIFFS' MOTION TO STRIKE
In this civil action, the plaintiffs Hector Cardona and Ana CT Page 9056 Oquendo seek to recover damages for personal injury allegedly sustained by the minor child Cecilio Cardona due to alleged exposure to lead-based paint at two residences: 37 Pawtucket Street, Hartford, Connecticut and 159 Sisson Avenue, Hartford, Connecticut. This ruling addresses the plaintiffs' motion to strike the First Special Defense of defendants Jeffrey Grody and Urban Ventures, LLC, with respect to the ninth through thirteenth counts of the complaint pertaining to the Sisson Avenue property.[1] The challenged special defense alleges that:
 Upon information and belief, plaintiffs, by their own conduct, including negligence, contributory negligence and/or reckless conduct, have caused or contributed to the problems, conditions and injuries about which allegations are made in the Complaint and are thereby barred, in whole or in part, from seeking relief.
The plaintiffs have moved to strike this special defense claiming it fails to allege any facts, see Practice Book §10-50, and it improperly seeks to impute parental negligence to defeat the minor's claims. The defendants respond that they are not required to allege subordinate facts to support their defense and that when, as here, the parents are a party to the action their negligence may be raised and considered.
This court has concluded previously that claims of parental negligence are barred by the doctrine of parental immunity in actions seeking damages for personal injury to a minor child caused by exposure to lead-based paint, even if the parents are parties to the lawsuit. Ayala v. Meehan, Superior Court, judicial district of Windham at Putnam, Docket No. 049450 (June 30, 1997, Lager, J.) Tobin v. Connecticut Housing Finance Authority, Superior Court, judicial district of New Haven, Docket No. 333231 (June 17, 1997, Lager, J.); see Martinez v. Maturana, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 473382 (July 14, 1997, Lager, J.); Pickering v.Stanchak, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 470124 (July 14, 1997, Lager, J.); Sabatucci v. Murphey, Superior Court, judicial district of New Haven at Meriden, Docket No. 247259 (July 14, 1997, Lager, J.); Norwood v. Gordon, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. CT Page 9057 472232 (April 28, 1997, Lager, J.). Furthermore, to the extent the special defense seek to allege reckless conduct on the part of the plaintiff parents, it fails to adequately allege facts indicating egregious conduct and the requisite mental state for recklessness as set forth in this court's opinion in Ayala v.Meehan, Superior Court, judicial district of Windham at Putnam, Docket No. 049450 (January 27, 1998, Lager, J.).
Accordingly, the plaintiffs' motion to strike the First Special Defense of the defendants Grody and Urban Ventures is granted.
LINDA K. LAGER, JUDGE.